Steven A. FIELDS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 73A01–0306–CR–230.

Court of Appeals of Indiana.

July 20, 2004.

Rehearing Granted July 20, 2004.

John D. Fierek, Voyles, Zahn, Paul, Hogan & Merriman, Indianapolis, IN, Attorney for Appellant.

OPINION ON REHEARING

ROBB, Judge.

Steven Fields seeks rehearing of our opinion issued in *Fields v. State*, 807 N.E.2d 106 (Ind.Ct.App.2004). Although we affirm our original opinion in all respects, we write on rehearing to clarify our holding regarding the twenty-minute deprivation period required before a chemical breath test can be administered.

In *Fields,* we held the State satisfied its burden to show that the chemical breath test was properly administered where the operator instructed Fields to remove chewing tobacco from his mouth and, after he complied, the operator waited twenty minutes before administering a chemical breath test. *Id.* at 111. Fields argues on rehearing that our decision improperly shifted the burden to him to show that any tobacco residue that remained in his mouth during the twenty-minute deprivation period affected the outcome of the chemical breath test.

In his petition for rehearing, Fields correctly states that "once the State establishes the proper procedure and demonstrates that the operator followed the procedure, the burden shifts to the defendant to rebut the State's evidence." Appellant's Petition for Rehearing at 2. *See also Mullins v. State,* 646 N.E.2d 40, 51 (Ind.1995). Fields argues, however, that requiring him to prove that any tobacco residue remaining in his mouth after the twenty-minute observation period affected the test result relieved the State of the burden of proving part of the proper procedure: that there was a valid deprivation period. In this case, the State established that Deputy Lacy followed the proper procedure. Deputy Lacy instructed Fields to remove the tobacco from his mouth. After Fields complied, Deputy

Lacy waited the required twenty minutes before administering the chemical breath test. Fields did not place any foreign substance in his mouth during this time.

Contrary to Fields's assertion in his petition for rehearing, our holding did not create a new burden on the defendant; instead, we explained that because Deputy Lacy followed the proper procedure in administering the breath test, the burden appropriately shifted to Fields to rebut that evidence, which we ultimately concluded he did not do. Therefore, we affirm our original opinion in all respects.

BAKER, J., concurs.

RILEY, J., would deny the petition.